

**NEAL KUMAR KATYAL**
*Partner*
1101 New York Ave. NW  |  Washington, DC 20005
T: +1 (202) 835-7505
nkatyal@milbank.com  |  milbank.com

July 6, 2026

**By Electronic Filing**

Anastasia Dubrovsky, Clerk of Court
First Circuit Court of Appeals
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

**Re: *Dinner Table Action v. Equal Citizens*, No. 25-1706**
 **FRAP 28(j) Letter Response**

Dear Ms. Dubrovsky,

Plaintiffs assert that *NRSC v. FEC*, No. 24-621, 2026 WL 1868932 (U.S. June 30, 2026), spells "game over" for this case. Wrong. The reasoning of *NRSC* supports reversal. Plaintiffs' arguments to the contrary evince their continued failure to distinguish between the constitutional limits on expenditures and contributions.

*NRSC* invalidated limits on coordinated *expenditures* by political parties. Maine's Act limits *contributions* to independent-expenditure committees—or SuperPACs. Whether *contributions* may be limited was neither presented nor decided in *NRSC*. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions" "neither brought to the attention of the court nor ruled upon, [do not] constitute precedents.").

The Court's (and dissent's) citation of *SpeechNow.org v. FEC*, 599 F.3d 686 (D.C. Cir. 2010) (en banc), is not to the contrary. The Court was merely describing the current legal landscape, in which SuperPACs can accept unlimited contributions because of *SpeechNow* and its progeny. The Court was not endorsing the outcome or reasoning of *SpeechNow*; if anything, it was lamenting how that circuit precedent had aggrandized SuperPACs at the expense of political parties.

Further, *NRSC* rejected the assertion that political-party expenditure limits were necessary to prevent the circumvention of candidate contribution limits because the "current record" suggested that other prophylactic measures sufficiently mitigate the risk. *NRSC*, 2026 WL 1868932, at *11. The record here is very different. Equal Citizens and their *amici* have marshalled many examples of contributions-to-SuperPAC corruption, *see* Reply Br. 14-17, while the Court in

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

*NRSC* could identify *no* examples of corruption through contributions to parties, *NRSC*, 2026 WL 1868932, at \*11. That difference is unsurprising: Federal law limits contributions to political parties. *See id.* at \*19-20 (Kagan, J., dissenting). Under the rule Plaintiffs advance, contributions to SuperPACs are unlimited.

Finally, though *amicus* American Promise had asked the Court in *NRSC* to consider whether *Buckley* was consistent with the Court's originalism, because no party had raised the question, the Court did not address it. Amicus Br. of Am. Promise, *NRSC* (U.S. Aug. 28, 2025), 2025 WL 2532588. Equal Citizens has pressed that question precisely.

Respectfully submitted,

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal

*Counsel for Defendants-Appellants*
*Equal Citizens, et al.*

cc: All counsel of record via CM/ECF
Word count: 338